IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT HARRY KUNFERMAN,

                                        ORDER

          Plaintiff,

                                  09-cv-662-bbc

     v.

BOARD OF REGENTS OF UNIVERSITY OF
WISCONSIN SYSTEM; UW-EAU CLAIRE;
UW-MADISON; X-Chancellor JOHN WILEY;
Chancellor CAROLINE MARTIN; ERVIN H. COX
(A.K.A. ERWIN COX or KIPP COX);
KEVIN J. HELMKAMP; NANCY K. LYNCH;
ROBERT O. RAY; SUZANNE JONES;
REBECCA DUFFY; LORI BERQUAM;
DANIELLE WARTHEN; CHERYL RADZINSKI;
MOLLY JAHN; JOANNE E. BERG;
BRENT GRUBER; CRISTI VAUGHN;
JODI THEISING RITTER; TERESA E. O'HALLORAN;
DAVID BACKSTROM; DAVID SPRICK;
UWEC X-Dean ROBERT SHAW;
Police Officer DANIEL SWANSON;
KARLA A. WEBER; ERNESTO R. MONGE;
DAN BARNISH; MARTIN NYSTRAND;
TERI PARKS; Vice Chancellor Chief SUSAN RISELING;
DEBRA LAUDER; CYNTHIA B. HASZ;
CHRISTINE STEPHENSON; TALLY MOSES;
SUSAN FISCHER; RICHARD DELUGE and
STEPHEN APPELL;

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

This is a civil action for injunctive and monetary relief in which plaintiff Robert Kunferman, who is proceeding pro se, alleges violations of his constitutional rights by more than 30 defendants associated with the University of Wisconsin System. Defendants responded to plaintiff's complaint by filing a motion to dismiss, arguing that plaintiff's complaint violates Fed. R. Civ. P. 8 and likely Rule 20 as well. I agree with defendants and will dismiss the complaint, but give plaintiff another chance to file a complaint that complies with Rule 8.

Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is rooted in fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services., Inc., 20 F.3d 771, 775 (7th Cir. 1994).

Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action. It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants." Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. Rule 20(a) prevents

2

plaintiffs from filing a "buckshot complaint." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). For example, if a plaintiff filed "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions," the complaint would be rejected because the defendants would not be properly joined under Rule 20(a)(2). Id.

Defendants accurately describe plaintiff's 19-page complaint as "alleging a plethora of factual allegations, along with a countless number of vague violations of the U.S. Constitution and state law torts." To answer plaintiff's amended complaint, defendants would have to sift through plaintiff's allegations and guess at what claims plaintiff is asserting against them. Rule 8's requirements bar plaintiff from proceeding with such allegations. In addition, plaintiff appears to be bringing claims against more than 30 defendants, but it is unclear what each defendant has done to violate plaintiff's rights. Although it is difficult to tell from plaintiff's rambling allegations, it is unlikely that a claim against each defendant arose out of the same transaction or series of transactions.

Because plaintiff's complaint does not comply with Rule 8 and possibly violates Rule 20 as well, I will grant defendants' motion to dismiss it. However, this dismissal will be without prejudice. Plaintiff is free to file an amended complaint in which he sets out his claims against each of the defendants in short and plain statements. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief he wants the court to provide. He should state the

3

*facts* of what actually happened rather than provide conclusory statements that his rights were violated without explaining how that occurred. For the purpose of Rules 8 and 20, plaintiff should number each paragraph, organize each of his claims separately and explain what defendants are involved in each claim, so each defendant can understand the claims against him or her. Plaintiff will have until April 6, 2010 to submit a proposed amended complaint. Should plaintiff fail to submit a proposed amended complaint by April 6, 2010, I will direct the clerk of court to enter judgment dismissing the case.

Finally, I note that plaintiff has filed a request for access to the court's electronic filing system. That motion will be granted.

ORDER

IT IS ORDERED that

1. Defendants' motion to dismiss plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8 and 20 is GRANTED. Plaintiff will have until April 6, 2010 to submit a proposed amended complaint. Should plaintiff fail to submit a proposed amended complaint by April 6, 2010, I will direct the clerk of court to enter judgment dismissing the case.

2. Plaintiff's motion for access to the court's electronic filing system, dkt. #15, is GRANTED.

Entered this 15th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge