IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT HARRY KUNFERMAN,

                Plaintiff,

    v.

BOARD OF REGENTS OF UNIVERSITY OF
WISCONSIN SYSTEM; UW-EAU CLAIRE;
UW-MADISON; X-Chancellor JOHN WILEY;
Chancellor CAROLINE MARTIN; ERVIN H. COX
(A.K.A. ERWIN COX or KIPP COX);
KEVIN J. HELMKAMP; NANCY K. LYNCH;
ROBERT O. RAY; SUZANNE JONES;
REBECCA DUFFY; LORI BERQUAM;
DANIELLE WARTHEN; CHERYL RADZINSKI;
MOLLY JAHN; JOANNE E. BERG;
BRENT GRUBER; CRISTI VAUGHN;
JODI THEISING RITTER; TERESA E. O'HALLORAN;
DAVID BACKSTROM; DAVID SPRICK;
UWEC X-Dean ROBERT SHAW;
Police Officer DANIEL SWANSON;
KARLA A. WEBER; ERNESTO R. MONGE;
DAN BARNISH; MARTIN NYSTRAND;
TERI PARKS; Vice Chancellor Chief SUSAN RISELING;
DEBRA LAUDER; CYNTHIA B. HASZ;
CHRISTINE STEPHENSON; TALLY MOSES;
SUSAN FISCHER; RICHARD DELUGE and
STEPHEN APPELL,

ORDER

09-cv-662-bbc[1]

---

[1] This case was assigned to Judge William M. Conley pursuant to a March 31, 2010 administrative order. However, Judge Conley recused himself from the case in an April 1, 2010 order, so the case has been reassigned to me.

1

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a March 15, 2010 order, I granted defendants' motion to dismiss plaintiff Robert Kunferman's complaint for failure to comply with Fed. R. Civ. P. 8 and 20. I gave plaintiff until April 6, 2010 to submit a proposed amended complaint, or I would direct the clerk of court to enter judgment dismissing the case. Now plaintiff has submitted a document containing motions for an extension of time and for appointment of counsel, dkt. #23.

Plaintiff argues that he should be appointed counsel because he is indigent and he has shown that he is incapable of properly stating claims in his complaint. I conclude that appointment of counsel is not appropriate at this time. First, although plaintiff claims that he is indigent, he has not submitted any proof that this is so; in fact, he has paid the entire $350 filing fee for this case, which at least suggests that he could afford counsel.

Next, in deciding whether to appoint counsel, I must first find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To show that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who he has asked to represent him in this case and who turned him down. Plaintiff has not done so.

Finally, even if plaintiff had shown that he is indigent and submitted the names of lawyers who turned him down, I would still have to deny his motion for appointment of

2

counsel because his request is premature. Appointment of counsel is appropriate in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654, 655 (7th Cir. 2007). It is far too early to make that determination in this case, as I have not yet allowed plaintiff to proceed on any of his claims. Rule 8 and 20 problems are extremely common in pro se cases, and the court cannot appoint counsel for every plaintiff who desires help rectifying his or her complaint. Accordingly, I will deny plaintiff's motion for appointment of counsel without prejudice to his filing it again at a later date.

Plaintiff's next step is to file a proposed amended complaint. As I stated in the March 15 order, plaintiff should simply state (1) what acts he believes violated his rights; (2) who committed those acts; (3) what rights were violated; and (4) what relief he wants the court to provide. He should state the *facts* of what actually happened rather than provide conclusory statements that his rights were violated without explaining how that occurred. For the purpose of Rules 8 and 20, plaintiff should number each paragraph, organize each of his claims separately and explain what defendants are involved in each claim, so each defendant can understand the claims against him or her. I will grant plaintiff's motion for an extension of time to file a proposed amended complaint and give him until April 23, 2010 to do so.

3

ORDER

IT IS ORDERED that

1. Plaintiff Robert Kunferman's motion for appointment of counsel, dkt. #23, is DENIED without prejudice to his refiling it at a later date.

2. Plaintiff's motion for an extension of time to file his proposed amended complaint, dkt. #23, is GRANTED; plaintiff will have until April 23, 2010 to file a proposed amended complaint.

Entered this 2nd day of April, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge