IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT HARRY KUNFERMAN,

                  OPINION and ORDER

       Plaintiff,

                  09-cv-662-bbc

   v.

BOARD OF REGENTS OF UNIVERSITY OF
WISCONSIN SYSTEM; UW-EAU CLAIRE;
UW-MADISON; X-Chancellor JOHN WILEY;
Chancellor CAROLINE MARTIN; ERVIN H. COX
(A.K.A. ERWIN COX or KIPP COX); KENNETH
KERL; KEVIN J. HELMKAMP; NANCY K. LYNCH;
ROBERT O. RAY; SUZANNE JONES;
REBECCA DUFFY; LORI BERQUAM;
DANIELLE WARTHEN; CHERYL RADZINSKI;
MOLLY JAHN; JOANNE E. BERG;
BRENT GRUBER; CRISTI VAUGHN;
JODI THEISING RITTER; TERESA E. O'HALLORAN;
DAVID BACKSTROM; DAVID SPRICK;
UWEC X-Dean ROBERT SHAW;
Police Officer DANIEL SWANSON;
KARLA A. WEBER; ERNESTO R. MONGE;
DAN BARNISH; MARTIN NYSTRAND;
TERI PARKS; Vice Chancellor Chief SUSAN RISELING;
DEBRA LAUDER; CYNTHIA B. HASZ;
CHRISTINE STEPHENSON; TALLY MOSES;
SUSAN FISCHER; RICHARD DELUGE and
STEPHEN APPELL;

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

In this civil action for monetary and injunctive relief, plaintiff Robert Harry Kunferman is suing the numerous defendants for their alleged participation in a conspiracy to retaliate against him and commit other assorted violations of his rights. In an order entered March 15, 2010, I granted defendants' motion to dismiss plaintiff's original complaint for failure to comply with Fed. R. Civ. P. 8. Plaintiff has filed an amended complaint, and defendants have moved again for dismissal, on the same grounds as before. In addition, plaintiff has filed a motion for appointment of counsel and "original federal court jurisdiction."

Plaintiff's motion for appointment of counsel will be denied because he has not shown that he will not be able to litigate his case competently. However, plaintiff may ask again at a later stage in the case if he continues to believe he cannot litigate his case without assistance. Plaintiff's request for "original federal jurisdiction" is really a request for this court to intervene in an ongoing state criminal proceeding against him, which it cannot do. Therefore, I will deny that motion as well. Also, I will grant defendant's motion to dismiss. After reviewing plaintiff's amended complaint, I conclude that it still fails to comply with Rule 8. However, plaintiff shows progress, so rather than dismiss the complaint with prejudice, I will give him one more opportunity to get it right.

DISCUSSION

A. Motion for Appointment of Counsel and Original Federal Jurisdiction

1. Motion for appointment of counsel

Plaintiff has moved for appointment of counsel and made a reasonable effort to find a lawyer on his own without any success, as required under Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). However, under Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007), a court must consider both the complexity of the case and the plaintiff's ability to litigate it when deciding whether to appoint counsel, and at this early stage, nothing about this case or plaintiff's ability to litigate it suggests that the court should appoint counsel. With respect to complexity of the case, as explained below, it remains unclear how much of this case will be allowed to proceed because the case continues to have Rule 8 problems. However, plaintiff's progress on this matter suggests he will be able to perform the relatively straightforward task of following the instructions provided in this order to draft a complaint that meets the requirements of Rule 8. In sum, at this early stage I conclude that plaintiff has not shown that he is incapable of prosecuting this case on his own in light of its complexity. His motion for appointment of counsel will be denied without prejudice to his refiling it at a later date.

2. Motion for "Original Federal Court Jurisdiction"

Plaintiff describes a recent incident in which he was threatened by a police officer and

3

arrested and is now being criminally charged in state court for the matter. It is not clear why plaintiff has brought this matter to the court's attention or seeks its intervention, but perhaps he is concerned that state officials will not handle his case fairly or investigate his complaint about the behavior of the arresting officer. Nonetheless, this court may not get involved. Federal courts may not take action to interfere with ongoing state criminal prosecutions, except in limited circumstances. Younger v. Harris, 401 U.S. 37 (1971); see also Nelson v. Murphy, 44 F.3d 497, 501 (7th Cir. 1995). In Younger, 401 U.S. at 53-54, the Court made it clear that if a state adjudication is pending, the only grounds on which a federal court can interfere are (1) where irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. In this case, there is no basis for thinking that any of these exceptions apply. Therefore, abstention is required. Of course, plaintiff may raise his concerns about the proceedings to the state trial and appellate courts if necessary.

Plaintiff suggests that he is also concerned about the fact that the arresting officer in that case threatened his life. To the extent plaintiff is concerned about that matter and seeks to pursue civil remedies against the officer, it is a matter for a separate lawsuit. It is not a claim related to this lawsuit and does not belong in this case. Plaintiff's motion for "original federal court jurisdiction" will be denied.

B. <u>Motion to Dismiss</u>

Defendants have moved to dismiss plaintiff's amended complaint. Rather than include any new argument, they fall back on their original brief, which was directed at the original complaint. As a general rule, this approach is less than ideal because the original brief is not directed at the problems in the amended complaint and cannot be used to point out any defects with particularity. Nonetheless, in this case it works because defendant's point is simply that once again plaintiff's complaint is not sufficiently "short and plain" or "simple" and "concise" to satisfy the requirements of Rule 8.

After reviewing plaintiff's amended complaint, I conclude that it shows progress but still fails to satisfy the requirements of Rule 8. Starting with the good, plaintiff's amended complaint includes more factual statements. Plaintiff now describes in some detail what happened, when it happened, and who was involved. For example, plaintiff alleges that "[o]n or about December 17, 2000, UWEC Police Officer Hubbard and Dean Robert Shaw, entered [plaintiff's] classroom . . . [and] questioned Kunferman." This type of description of what happened is key to crafting a complaint that satisfies Rule 8.

The problem is, these factual allegations are almost always entangled with conclusory statements, commentary or vague statements. Using the same example, plaintiff states that Hubbard and Shaw "chastised him . . . with a diatribe leading to their frivolous complaint and peculiar brow-beating" and that Hubbard "us[ed] threatening weapon activity." These vague and conclusory descriptions do not allow a reader to understand what is going on. In

5

this example, plaintiff appears to be challenging his treatment and a disorderly conduct charge as retaliatory, but he does not describe the incident with enough clarity to support such a claim. In another example of vagueness, plaintiff alleges that certain "fake charges . . . were created surrounding telephone inquiries." Dkt. #28, at 28. It is unclear what "telephone inquiries" plaintiff is talking about and what was allegedly said during those inquiries that could relate to his claims. These are but two of many instances where plaintiff uses conclusory statements and vague statements to fill in the blanks on what happened.

Another problem with plaintiff's amended complaint may be caused in part by plaintiff's misunderstanding of Rule 8. The amended complaint comes in at 54 pages and contains 81 lengthy paragraphs, but plaintiff asserts that the "short and plain" requirement of Rule 8 starts at paragraph 68. Plaintiff seems to think that all that Rule 8 requires is that the allegations are concisely summarized at the end of the complaint. Not so. Defendants are required to answer *all* of the complaint, which means the whole complaint must remain "short and plain" and the allegations must be "concise" throughout the complaint. (Plaintiff seems to acknowledge this point implicitly when, in paragraph 69, he "re-alleges and re-avers" the allegations in paragraphs 1-67.)

Plaintiff defends the length of his complaint by pointing out that the nature of his complaint requires some discussion. Although plaintiff is correct that his 39-defendant conspiracy theory is complex and requires explanation, the complexity of the facts underlying plaintiff's complaint is not why plaintiff's amended complaint is so long. The amended

6

complaint is so long because it is laden with the conclusory and vague statements mentioned above. In many of the dense single-spaced paragraphs, there are one or two truly factual statements while the rest of the paragraph is filled with other vague statements and generalizations aimed at supporting the facts asserted and plaintiff's view of what the facts mean.

Pro se litigants often struggle to separate truly factual statements from vague or conclusory statements, so here are a couple of pointers. As a general rule, conclusory allegations are what plaintiff *thinks* about a particular thing or act (so-and-so was manipulative, dishonest, fraudulent, conspiratorial or malicious) and factual allegations are what was or may have been *observed* about the thing or act (so-and-so destroyed the documents, made an arrest, pressed charges or said "X," knowing that "Y" was the truth). As for vagueness, an allegation is too vague if it does not provide enough information to allow a person reading the allegation to know *what* thing or act is being described or distinguish it from other things or acts. Thus, "defendant hid documents from my files" may be too vague while "defendant hid all documents related to my college discipline" would not be). In considering whether a statement is too vague, plaintiff should ask himself whether someone who knew nothing about his case would know what he is describing.

Because plaintiff's amended complaint continues to violate Rule 8, I will grant defendant's motion to dismiss it, but without prejudice to his refiling a second amended complaint. In his second amended complaint, plaintiff should replace his vague and

7

conclusory language with factual allegations. If he follows these instructions, he should find that his complaint is much shorter and more manageable. It may benefit him at that point to organize the factual allegations into chronological order, so he can see for himself where facts supporting his conspiracy theory might still be missing.

On a related note, plaintiff's amended complaint included a separate section to support joinder under Rules 20 and 18. Such a section is unnecessary and repetitive. Whether plaintiff may keep all his claims and defendants in the same lawsuit is an assessment that comes naturally from his allegations about what each defendant did or did not do to violate his rights, which should already be part of his story.

ORDER

IT IS ORDERED that

1. Defendants' motion to dismiss plaintiff's amended complaint for failure to comply with Fed. R. Civ. P. 8, dkt. #30, is GRANTED. Plaintiff will have until July 6, 2010 to submit a proposed second amended complaint. Should plaintiff fail to submit a proposed amended complaint by July 6, 2010, I will direct the clerk of court to enter judgment dismissing the case.

2. Plaintiff's motion for appointment of counsel, dkt. #34, is DENIED without prejudice to refiling at a later stage of the case and his motion for "original federal court

jurisdiction," dkt. #34, is DENIED.

Entered this 16th day of June, 2010.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge