IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT HARRY KUNFERMAN,

                 Plaintiff,

      v.

BOARD OF REGENTS OF UNIVERSITY OF
WISCONSIN SYSTEM; UW-EAU CLAIRE;
UW-MADISON; X-chancellor JOHN WILEY AND
Chancellor CAROLINE MARTIN; ERVIN H.COX
(A.K.A. ERWIN COX, DEWEY COX,
OR KIPP COX); KENNETH KERL;
KEVIN J. HELMKAMP, NANCY K. LYNCH;
ROBERT O. RAY; SUZANNE JONES;
REBECCA DUFFY; LORI BERQUAM;
DANIELLE WARTHEN; CHERYL RADZINSKI;
MOLLY JAHN; JOANNE E. BERG; BRENT GRUBER;
CRISTI VAUGHN; JODI THEISING RITTER;
TERESA E. O'HALLORAN; DAVID BACKSTROM;
DAVID SPRICK; UWEC X-Dean ROBERT SHAW;
Police Officer DANIEL SWANSON;
KARLA A. WEBER; ERNESTO R. MONGE;
DAN BARNISH; MARTIN NYSTRAND;
Assistant UW-Madison Police Chief TERI PARKS;
Vice Chancellor and Chief SUSAN RISELING;
DEBRA LAUDER; CYNTHIA B. HASZ;
CHRISTINE STEPHENSON; TALLY MOSES;
SUSAN FISCHER; RICHARD DELUGE; STEPHEN APPEIl;
UW-Board of Regents President KEVIN REILLY,

                 Defendants.

OPINION AND ORDER

09-cv-662-bbc

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary and injunctive relief, plaintiff Robert Harry Kunferman, pro se, is suing numerous defendants for their alleged participation in a conspiracy from 2000 to 2010 to retaliate against him and commit other assorted violations of his rights. The court has dismissed plaintiff's complaint twice. Plaintiff has filed a second amended complaint in an effort to comply with Fed. R. Civ. P. 8(a) and this court's prior order, dkt. #36. Now, before the court is defendants' motion to dismiss the second amended complaint for failure to comply with Fed. R. Civ. P. 8, and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). I will grant the motion in part and deny it in part.

Although plaintiff condensed his second amended complaint from 54 to 40 single-spaced pages, the complaint continues to contain conclusory statements and vague allegations that add unnecessary length. However, despite defendants' assertion that plaintiff's complaint is unintelligible, I have sifted through the complaint, disregarding vague or conclusory statements, to find those claims for which plaintiff pleaded sufficient facts to support his claims for relief.

Plaintiff has stated claims for retaliation in violation of the First Amendment and state law defamation. Thus, I will deny defendants' motion to dismiss with respect to those claims. However, because all of the claims do not involve the same set of defendants or arise from a common set of facts, plaintiff cannot proceed on all of his claims in one lawsuit.

2

Plaintiff may have an opportunity to identify which claims he wishes to pursue in this lawsuit.  Plaintiff's remaining claims are either unsupported by factual allegations or do not permit private rights of action.  I will grant defendants' motion with respect to these claims.

In his second amended complaint, plaintiff alleges the following facts.  (As noted above, I have disregarded plaintiff's legal conclusions.  In addition, I have disregarded sections of the complaint that are incomprehensible or unrelated to a viable claim.)

ALLEGATIONS OF FACT

A. <u>The Parties</u>

Plaintiff is a former student at UW-Eau Claire and UW-Madison.  He is a self-proclaimed prolific author who has written on various topics of political concern.  In his work, plaintiff has criticized wasteful spending in the public education system and complained about the state government's effort to conceal its underperforming schools.

Defendants are current and former regents, deans, associate deans, police officers and staff at University of Wisconsin at Eau Claire and Madison.

B. <u>Plaintiff's Experience at Eau Claire</u>

3

Plaintiff attended UW-Eau Claire from 1997 until 2001, during which time he came into frequent contact with UW-Eau Claire deans and UW-Eau Claire police. In the fall of 2000, plaintiff complained to defendant Dean Shaw, the former dean at UW-Eau Claire, about what he perceived as unfair treatment of "older undergraduate students." Dean Shaw ignored plaintiff's complaints and expressed disapproval with plaintiff's political speech and writings, stating, "If you do not curtail your actions, and disturbing letters, your career options will be severely limited." On or about December 17, 2000, Dean Shaw and a police officer entered one of plaintiff's classes and proceeded to question him. The police officer "unstrapped his gun" and positioned himself to prevent plaintiff from leaving. In December of 2000, defendants Shaw, police lieutenant David Sprick, police chief David Backstrom and vice chancellors filed a disorderly conduct charge against plaintiff. The charge was based on false accusations.

In response to the disorderly conduct charge, plaintiff made more than thirty attempts from late 2000 to May 2001 to obtain any evidence or information from defendant Backstrom regarding the incident that formed the basis of the disorderly conduct charge. During that time, plaintiff was never able to communicate with Backstrom directly. At some point in 2001, defendants Sprick and Backstrom told Eau Claire police that plaintiff was "a cautious person" and "ha[d] made threats against officers that he would use a gun." In May 2001, Backstrom entered plaintiff's home uninvited, took a one gallon milk bottle from

4

plaintiff's refrigerator and explained that he was a trophy class shooter.  Plaintiff reported this incident to the Eau Claire police and sheriff but they did not make a record of the incident.

### C. Plaintiff's Experience at Madison

In the fall of 2006, plaintiff was accepted at UW-Madison as a chemistry major in the College of Letters and Sciences.  His declared major was not displayed on his records during his first semester.  Assistant Dean Gary Essenmacher told plaintiff "you do not have to worry about this at this time," but failed to warn plaintiff of UW's policy that a student's last thirty credits will count toward a degree only after the student declares a major.  Plaintiff was unable to declare a major from 2006 to June 2008.

Plaintiff's attempt to receive financial aid was similarly beset by problems. Defendants Ernesto Monge, Karla Weber and Susan Fischer told plaintiff that he needed to provide his 2007 tax forms before they could process his financial aid.  On June 11, 2008, defendant Monge, the financial aid supervisor, told plaintiff he disapproved of plaintiff's writings on the internet and said, "because of those writings, I do not have to talk to you or help you with financial aid or anything else."  When plaintiff sought to file a complaint regarding Monge's statements, defendants Monge, Fischer, Weber, Debra Lauder, Joanne Berg and Cynthia Hasz made statements to defendants officer Brent Gruber and detective

5

Cheryl Radzinski, claiming that plaintiff was disorderly and complained about Monge only because of his race.  Plaintiff denies both charges.

On June 6, 2008, plaintiff notified defendant Dean Ray of his intention to seek work in Canada and requested solitude and privacy while he was out of the country.  In July 2008, defendant Radzinski filed the disorderly conduct charge stemming from the incident with defendant Monge, and in October 2008, plaintiff returned from Canada to defend himself in the action.

In November 2008, plaintiff attempted to file a formal complaint for age discrimination with defendant Stephen Appell, the vice chancellor of the office of equity and diversity and the person identified on a UW-Wisconsin web page as the appropriate person to field complaints.  Plaintiff sent his request to Appell and sent courtesy copies to UW legal counsel defendant Nancy Lynch and Board of Regents president defendant Kevin Reilly.  Appell and Lynch stated they did not know to whom the complaint should be sent and, in an email, Reilly wrote "Thanks Nancy, good job. . ."  After plaintiff wrote a nine-page letter to the board of regents, defendant Appell admitted that he was the appropriate person to take the complaint.

### D. Plaintiff's Education Files

In his effort to defend against the charges brought against him at both UW-Eau Claire

and UW-Madison, plaintiff has requested his educational files and other documents from both universities on numerous occasions.  In 2001, 2002 and 2005 plaintiff was told that he had been given all files and records pursuant to his requests, but in 2009 he received additional documents.  Additionally, these files contain false information that support the fraudulent charges.  The university has been unwilling to correct the errors in the files, despite plaintiff's efforts to clear his name.

OPINION

Defendants moved to dismiss the second amended complaint under Rule 8 and Rule 12(b)(6).  However, they have not attempted to identify the claims for which plaintiff has not pleaded sufficient facts or the claims for which relief cannot be granted as a matter of law.  Instead, defendants argue generally that the second amended complaint contains no claim that is "facially plausible against any defendant."  Dfts.' Br., dkt. #43, at 5.  In determining whether plaintiff has pleaded sufficient facts to state a claim for relief against any defendant, I have accepted all allegations in the complaint as true and drawn all inferences in the light most favorable to plaintiff.  <u>Savory v. Lyons</u>, 469 F.3d 667, 670 (7th Cir. 2006).

7

A. <u>Claims for Which Relief May Be Granted</u>

1. <u>First Amendment retaliation</u>

To prevail on First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must show that "(1) [he] engaged in activity protected by the First Amendment, (2) [he] suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." <u>Woodruff v. Mason</u>, 542 F.3d 545, 551 (7th Cir. 2008) (citing <u>Massey v. Johnson</u>, 457 F.3d 711, 716 (7th Cir. 2006)).  Plaintiff has pleaded sufficient facts to state three separate plausible First Amendment retaliation claims.

a.   Retaliation claim against defendants Shaw, Sprick, Backstrom and unnamed vice chancellors

Plaintiff alleges that in 2000 at UW-Eau Claire, defendants Shaw, Sprick, Backstrom and certain vice chancellors filed a disorderly conduct charge against him in retaliation for his political speech and age discrimination complaints.  In particular, plaintiff alleges that he engaged in political speech and tried to file an age discrimination complaint with defendant Shaw.  These are both activities protected by the First Amendment and therefore satisfy the first element of his retaliation claim.  Second, he alleges that the above-named defendants filed a baseless charge for disorderly conduct against him.  This allegation, which

8

must be accepted as true, would likely deter a person of ordinary firmness from engaging in future First Amendment activity.

However, plaintiff's claim satisfies the third element only with respect to defendant Shaw. The temporal relationship among plaintiff's political speech, his attempted age discrimination complaint, Shaw's verbal disapproval of plaintiff's speech and the subsequent disorderly conduct charge suggests that Shaw's decision to file a disorderly conduct charge was at least partly motivated by plaintiff's First Amendment activity. In contrast, plaintiff does not allege that defendants Sprick, Backstrom or the vice chancellors were aware of his attempted age discrimination complaint or that they had expressed disagreement with his political speech. Thus, there is no basis for inferring that these defendants were motivated to retaliate against plaintiff because of his First Amendment activities.

In sum, plaintiff has pleaded a claim against defendant Shaw for retaliation, but fails to state a claim against any other defendant arising out of the year 2000 disorderly conduct charge.

b. Retaliation claim against defendant Backstrom

Plaintiff alleges a second retaliation claim against defendant Backstrom arising out of Backstrom's visit to plaintiff's home. In this claim, plaintiff's protected First Amendment activity was his requests for records that substantiated the 2000 disorderly conduct charge

9

Backstrom filed.  Plaintiff was "stonewalled" in his more than thirty record requests. Ultimately, Backstrom entered plaintiff's home uninvited and made actions with a milk jug that plaintiff perceived as threatening.  Having the chief of police making an unannounced visit to one's home and going through a refrigerator would likely cause a person of ordinary firmness to think twice before exercising his First Amendment rights in the future.  With respect to the third element of retaliation, at this stage, I can infer a relationship between plaintiff's records request and Backstrom's unauthorized entry and threatening gestures. Therefore, plaintiff has stated a retaliation claim against Backstrom.

c.  Retaliation claim against defendants Monge, Lauder, Berg, Fischer, Hasz and Weber

Plaintiff also states a plausible claim for relief for retaliation against defendant Monge, arising out of a disorderly conduct charge that was filed against plaintiff in 2008.  With respect to the first element of his claim, plaintiff alleges that in 2008, he published certain political writings on the internet of which Monge disapproved.  Defendant Monge allegedly refused to assist plaintiff with financial aid because he disapproved of these writings and plaintiff sought to file a complaint against Monge.  Both plaintiff's writing and his request to file a complaint are activities protected by the First Amendment.

After plaintiff sought to complain about defendant Monge, defendants Monge, Lauder, Berg, Fischer, Hasz and Weber filed statements that supported a disorderly conduct

10

charge against plaintiff, alleging that he was disruptive and racist. The threat of prosecution on false charges would likely cause a person of ordinary firmness to limit future speech. Finally, the sequence of events suggest that Monge's retaliatory acts were motivated by plaintiff's protected speech, at least in part. Thus, plaintiff has sufficiently pleaded retaliation against Monge. As for defendants Lauder, Berg, Fischer, Hasz and Weber, plaintiff's allegations provide no basis for inferring any motivation to retaliate on the part of these defendants, who were not the subject of the complaint or ever indicated disapproval of his political speech. Thus, plaintiff's retaliation claims against these defendants will be dismissed.

2. <u>State law defamation</u>

This court may exercise supplemental jurisdiction over state law claims that "are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. The only allegations of defamation that are so related to plaintiff's retaliation claim are the statements of defendants Monge, Lauder, Berg, Fischer, Hasz and Weber made allegedly in furtherance of the 2008 disorderly conduct charge.

A claim of defamation in Wisconsin requires a false and unprivileged statement, communicated to someone other than the person defamed that tends to harm one's

reputation in the estimation of the community.  Torgerson v. Journal/Sentinel, Inc., 210 Wis.2d 524, 534, 563 N.W.2d 472, 477 (1997); WIS JI Civil–2500.  Plaintiff has satisfied the notice pleading requirement for a defamation claim against defendants Monge, Fischer, Lauder, Hasz, Berg and Weber.  Plaintiff alleges that these defendants made false statements to police indicating that plaintiff did not like Monge because he was a "Mexican."  At this stage, it is possible to infer that such a statement would lower plaintiff's reputation in the community because it implied that plaintiff is racist.

The remainder of plaintiff's complaint refers vague defamatory statements, without identifying who said what or providing other necessary information to put a defendant on notice of claims against him.  Therefore, plaintiff's defamation claims against any other defendant will be dismissed.

## B. Claims for Which Relief Cannot be Granted

Plaintiff's complaint has a detailed list of the statutes under which he intends to proceed.  Unfortunately for plaintiff, some of the laws he cites do not permit a private right of action.  Therefore, plaintiff cannot obtain relief under those provisions.  Other statutes provide for a right to relief, but plaintiff fails to allege facts that support his right to relief.

### 1. Wisconsin civil conspiracy

      Throughout his second amended complaint, plaintiff alleges the existence of a large conspiracy involving several defendants over many years.  Wis. Stat. § 134.01 allows the imposition of criminal penalties on those who conspire to "willfully or maliciously injur[e] another in his or her reputation, trade, business or profession."  Wisconsin courts have interpreted this statute to provide a civil cause of action for those who are harmed by violation of this statute.  Radue v. Dill, 74 Wis.2d 239, 245, 246 N.W.2d 507, 511 (1976) (citing Judevine v. Benzies-Montanye Fuel & Wholesale Co., 222 Wis. 512, 524, 269 N.W. 295, 301 (1936)).

      To prove a claim for conspiracy under Wis. Stat. § 134.01, a plaintiff must prove that (1) the defendants acted together, (2) with a common purpose to injure the plaintiff's reputation and business, (3) with malice, and (4) the acts financially injured the plaintiff. WIS JI Civil–2820.  "For a conspiracy to exist, there must be, at a minimum, facts that show some agreement, explicit or otherwise, between the alleged conspirators on the common end sought and some cooperation toward the attainment of that end." Bartley v. Thompson, 198 Wis.2d 323, 342, 542 N.W.2d 323 (Ct. App. 1995) (internal quotations and citations omitted).  "It is not enough that the defendants may have acted in concert or with a common goal." Id.

      The Court of Appeals for the Seventh Circuit has addressed the pleading standards for conspiracy claims, holding that it is not enough for a plaintiff to allege that the

13

defendants are in a conspiracy against him.  Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009) (plaintiff alleging civil conspiracy "must meet a high standard of plausibility" before defendants "in such a case become entangled in discovery proceedings").  Plaintiff attempts to link all of his claims and all of his defendants together by alleging a vast conspiracy to injure him.   However his complaint contains no specific allegations suggesting that defendants were both motivated by malice and acting in concert with a common purpose to injure his reputation.  For example, it is not enough to say that defendants Monge, Lauder, Berg, Fischer, Hasz and Weber "conspired" by giving statements to the police that formed the basis for the disorderly conduct charge.  Such an allegation does not permit the inference that these defendants formed an agreement and acted to injure the plaintiff's reputation.

Plaintiff makes similar statements regarding a conspiracy throughout his second amended complaint.  These vague statements do not meet the pleading standards for conspiracy as explained in Cooney, 583 F.3d at 971.


2.  Statutes providing no private right of action

Plaintiff asserts claims under a host of Wisconsin criminal statutes (perjury, obstruction of justice and misconduct in public office, to name a few) and federal criminal statutes, including 18 U.S.C. § 371.  Because plaintiff has no private right of action under these criminal statutes, theses claims will be dismissed.

14

In addition, plaintiff claims entitlement to relief under the Family Education and Privacy Rights Act (FERPA), 20 U.S.C.A. § 1232g, which does not create a private right of action. Shockley v. Svoboda, 342 F.3d 736, 741 (7th Cir. 2003).  Thus, this claim will be dismissed also.

### 3.  42 U.S.C. § 1981

Unlike the statutes discussed in the proceeding paragraph, 42 U.S.C. § 1981 creates a private right of action. However, its guarantee of equal rights applies only to persons alleging race discrimination.  To state a claim under this standard and to satisfy the notice pleading requirements of Rule 8, plaintiff would need to allege that he was treated unequally because of his race.  He does not.  Instead, plaintiff alleges that he was treated unequally because of his age or in retaliation for his political speech.  Because plaintiff states no facts supporting a claim of racial discrimination, this claim will be dismissed.

### 4.  Equal protection age discrimination

Plaintiff contends that he was treated differently because of his age, in violation of his right to equal protection under the Fourteenth Amendment. However, Plaintiff has pleaded insufficient facts to state a claim for age discrimination.  Plaintiff alleges only that he was treated unfairly.  The facts supporting his age discrimination claim are vague.  Also, he does

15

not make a connection between his treatment and any animus by a particular defendant towards older individuals.  Plaintiff cannot state a claim for age discrimination simply because he was treated in a certain manner and he is older than the average student.  Thus, this claim will be dismissed.

5.  Interference with travel

With respect to plaintiff's claim that defendants interfered with his right to travel, plaintiff has failed to state a claim for which relief can be granted.  Plaintiff alleges that he was prevented from "enter[ing] or re-enter[ing] Canada, New Zealand, and Australia, under international treaty and records shared by law enforcement with these countries."  Typically, plaintiffs raising claims related to the right to travel internationally allege that a government body has imposed a travel restriction that violated due process.  E.g., Haig v. Agee, 453 U.S. 280 (1981); Zemel v. Rusk, 381 U.S. 1 (1965).  In contrast, plaintiff alleges no action taken by defendants that restricted his right to travel.  Although plaintiff states that he returned to Wisconsin from Canada to defend himself against a disorderly conduct charge, this does not amount to a restriction on his right to travel.  Furthermore, plaintiff does not identify which of the more than thirty named defendants are responsible for this alleged deprivation. This claim will have to be dismissed.

16

6.  Wisconsin Open Records Act

Under Wis. Stat. 19.35, an individual has the right, with some exceptions, to inspect records containing personally identifiable information.  Under Wis. Stats. 19.365, an individual has the right to challenge the accuracy of a record containing personally identifiable information.  Plaintiff has alleged that his education files contain false information and that defendants have concealed records that should have been disclosed when requested.  Even if I concluded that plaintiff had stated a claim under Wisconsin Open Records Act, I would decline to exercise jurisdiction over the claim.

Under 28 U.S.C. § 1367, this court has supplemental jurisdiction over state law claims that are so related to the underlying claims that they form part of the same case or controversy.  This claim is only tangentially related to plaintiff's federal claims.  Furthermore, plaintiff has characterized this claim as involving numerous defendants at various locations and occurring for more than ten years.  These transgressions, if any, do not form part of the same case or controversy as the three separate retaliation claims.  Plaintiff may choose to bring this state law action in state court against the proper defendants.

7.  Other defendants

Plaintiff named more than thirty defendants in his second amended complaint, yet I have discussed fewer than half of those in this order. I have not discussed those defendants

17

against whom plaintiff did not state a claim.  Plaintiff's failure in some instances resulted from providing only vague or conclusory statements; for other defendants there was no cognizable claim.  For example, plaintiff made no claim against defendant Caroline Martin.  Plaintiff named her in the caption and gave an address for purposes of jurisdiction, but made no other reference to her.  Thus, defendants' motion to dismiss will be granted with respect to any defendant for whom plaintiff has not stated a claim.

## C. Fed. R. Civ. P. 20

Although I conclude that plaintiff has adequately pleaded three claims for retaliation and one claim for defamation, plaintiff may not proceed with all of these claims in the same lawsuit because it would violate Fed. R. Civ. P. 20.  Rule 20(a) governs the number of parties a plaintiff may join in any one action.  It provides that multiple defendants may be sued together when the injuries each defendant allegedly caused plaintiff arise out of "the same transaction, occurrence, or series of transactions or occurrences" and there is "any question of law or fact common to all defendants."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978).

Despite plaintiff's attempt to link his claims with allegations of a conspiracy and conclusory statements such as, "[e]vents that harassed [plaintiff] from 1999 until 2010, were performed and orchestrated by Dean Jones, Dean Shaw, Dean Berquam, Dean Cox, Nancy

18

Lynch, and UW police, Backstrom, Sprick, Radzinski, Kerl, Swanson," plaintiff's allegations concerning events at UW-Eau Claire in 2000-2001 are distinct from his claims arising from events at UW-Madison in 2006-2009.

Applying Rule 20 to this case, plaintiff's federal claims must be separated into three separate lawsuits described below:

1. Lawsuit #1: Plaintiff's claim that defendant Shaw retaliated against him in violation of the First Amendment.

2. Lawsuit #2: Plaintiff's claim that defendant Backstrom retaliated against him in violation of the First Amendment.

3. Lawsuit #3: Plaintiff's claim against defendant Monge for First Amendment retaliation. In this lawsuit plaintiff may join the defamation claim against defendants Monge, Fischer, Lauder, Hasz, Berg and Weber, because both claims arise out of the same set of facts.

Because these claims cannot be joined in a single lawsuit, plaintiff will have to decide which claims to pursue. He may do so by submitting a response that identifies which numbered lawsuit (#1, #2 or #3) he wishes to pursue. If he chooses to pursue all three lawsuits, he should explain which one he wants to pursue under this case number. The remaining lawsuits will be assigned separate case numbers and plaintiff will be required to pay a $350 filing fee for each lawsuit. If plaintiff chooses to proceed with one lawsuit and dismiss the other two lawsuits voluntarily, he will not be obligated to pay $350 for the other lawsuits. In addition, a lawsuit dismissed voluntarily would be dismissed without prejudice,

allowing plaintiff to bring it at another time.  Of course, plaintiff should keep the applicable statutes of limitation in mind.

ORDER

IT IS ORDERED that

1.  Defendants' motion to dismiss, dkt. #42, is GRANTED in part and DENIED in part. The motion is DENIED with respect to plaintiff Robert H. Kunferman's claims that

(1) defendant Shaw retaliated against him in violation of the First Amendment by filing a false conduct report against him;

(2) defendant Backstrom retaliated against him in violation of the First Amendment by entering his home and threatening him;

(3) defendant Monge retaliated against him in violation of the First Amendment by filing or contributing to a false conduct report against him; and

(4) defendants Monge, Fischer, Lauder, Hasz, Berg and Weber defamed him by reporting falsely that he was disorderly and racist.  Defendants' motion to dismiss is GRANTED in all other respects.

2.  Plaintiff's complaint is DISMISSED as to the following defendants:

Board of Regents of University of Wisconsin System;

UW-Eau Claire;

20

UW-Madison;

X-Chancellor John Wiley;

Chancellor Caroline Martin;

Ervin Cox (A.K.A. Erwin Cox, Dewey Cox, or Kipp Cox);

Kenneth Kerl;

Kevin J. Helmkamp;

Nancy K. Lynch;

Robert O. Ray;

Suzanne Jones;

Rebecca Duffy;

Lori Berquam;

Danielle Warthen;

Cheryl Radzinski;

Molly Jahn;

Brent Gruber;

Cristi Vaughn;

Jodi Thiesing Ritter;

Teresa E. O'Halloran;

Police Officer Daniel Swanson;

21

Dan Barnish;

Martin Nystrand;

Assistant UW-Madison Police Chief Teri Parks;

Vice Chancellor and Chief Susan Riseling;

Christine Stephenson;

Tally Moses;

Richard Deluge;

Stephen Appell; and

UW-Board of Regents President Kevin Reilly.

3.  Plaintiff may have until October 1, 2010, to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case. Plaintiff's initial filing fee will be applied to this lawsuit.

4.  Plaintiff may have until October 1, 2010, in which to advise the court which of the remaining groups of claims he will prosecute, if any, and which he will withdraw voluntarily.

5.  For any group of claims that plaintiff dismisses voluntarily, he will not owe a filing fee.

6.  If, by October 1, 2010, plaintiff fails to respond to this order, I will enter an order dismissing this lawsuit as it presently exists, with prejudice, for plaintiff's failure to

prosecute.

Entered this 20th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge